UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY LORENA SONNIER, individually and on behalf of | * | CIVIL ACTION NO. |
| her minor children, JACOB JAMES SONNIER; CLARISSA MAKAYLA | * | SECTION |
| SONNIER; DIAMOND JASLYNN RENEA SONNIER | * | JUDGE |
| | * | MAGISTRATE |
| VERSUS | | |
| | * | |
| MAGIC CIRCLE CORPORATION; KELCH CORPORATION; BEMIS MANUFACTURING COMPANY; | * | |
| GENERAC POWER SYSTEMS, INC.; ROMERO'S POWER SPORTS, LLC | * | |

**************************************

### NOTICE OF REMOVAL
### BY GENERAC POWER SYSTEMS, INC.

**NOW INTO COURT,** through undersigned counsel, comes General Power Systems, Inc., defendant in the action entitled "*Mary Sonnier, individually and on behalf of her minor children, Jacob James Sonnier, Clarissa Makayla Sonnier and Diamond Jaslynn Renea Sonnier v. Magic Circle Corporation, Kelch Corporation, Bemis Manufacturing Company, Generac Power Systems, Inc. and Romero's Power Sports, LLC,"* bearing Civil Action No. 12-C-5972 in the 27th Judicial District Court for the Parish of St. Landry, State of Louisiana, to notice removal of that Louisiana state court

action to the United States District Court for the Western District of Louisiana, and upon information and belief represent:

I.

On December 12, 2012, plaintiffs filed suit in the 27th Judicial District Court, Parish of St. Landry, alleging that Clarence Sonnier was injured (and eventually died) as a result of being sprayed with gasoline from a lawnmower, which ignited and caused him catastrophic burns.

II.

Plaintiffs allege wrongful death and survival claims against five (5) defendants. The Petition states products liability claims against four of the named defendants – Magic Circle Corporation ("Magic Circle"), Kelch Corporation ("Kelch"), Bemis Manufacturing Company ("Bemis") and Generac Power Systems, Inc. ("Generac").  Magic Circle is alleged to be the manufacturer of the mower; Kelch and Bemis are alleged to be the manufacturers of the gas cap; and Generac is alleged to be the manufacturer of the mower's engine.

III.

Plaintiffs allege a negligence claim against the local retailer in New Iberia, Romero's Power Sport, LLC ("Romero").  The Petition states, in the alternative, that Romero either *assembled, sold or maintained the mower*.  See, paragraph 21 of plaintiffs' Petition for Damages.  In the next three paragraphs of the Petition, plaintiffs make the conclusory assertions that Romero was either negligent in the assembly, negligent in

maintenance or should have known of the defect and failed to declare it. See, paragraphs 22-24 of the Petition for Damages.

IV.

Noticeably absent from the Petition for Damages are allegations that the decedent was the owner of the mover or had any first-hand knowledge of Romero's alleged assembly and/or maintenance or what Romero should have known at the time of the sale.

V.

The allegations as to Romero are conclusory at best. Paragraph 22 has no facts alleged as to what Romero's did wrong in the assembly of the mower that led to the fuel being sprayed out of the gas cap/gas tank. There are also no allegations as to Romero's specific assembly duties with regard to the mower engine, the gas cap or the gas tank.

VI.

In addition, paragraph 23 is devoid of any facts as to how or why Romero should have known of the alleged defect complained of by plaintiffs. The defect in the gas cap and/or gas tank that led to the spraying fuel was by definition not apparent from the outside and the incident only occurred when the cap was removed – almost five years after the original sale and following 480 hours of use. Finally, plaintiffs offer no facts as to the alleged maintenance performed by Romero and how this work led to the incident at issue.

VII.

On January 3, 2013, a Petition for Intervention was filed by the owner of the mower, Marcus Richard. Richard's intervention does not state negligence claims against

Romero. As pled, Richard's claims are in redhibition against Romero as the seller, and in products liability against Magic Circle. Richard seeks return of his purchase price, plus attorney's fees, costs and legal interest.

VIII.

Richard's Petition states no claims of negligence against Romero. Richard alleges no facts as to improper assembly or maintenance of the mower by Romero. Likewise, Richard does not allege that Romero knew or should have known of the defect. By the admissions in Richard's intervention, the mower was purchased in 2007, ran for 480 hours and did not have this problem until 2012.

IX.

The conclusory assertions in plaintiffs' Petition for Damages as to defendant Romero belie the lack of a good faith claim against Romero. The Court should pierce the bare-bones allegations in plaintiffs' Petition for Damages and consider extrinsic evidence as to whether a viable claim can be stated by plaintiffs against co-defendant, Romero, who is a Louisiana citizen and the only non-diverse defendant.

X.

Generac submits that there is no viable claim under the facts of this case against Romero. Plaintiffs improperly joined Romero as a Louisiana defendant to destroy diversity.

XI.

Since Romero was fraudulently joined in the instant matter, its domicile should not be considered when determining diversity of citizenship jurisdiction and the propriety of removal.

XII.

Generac submits that this Court has diversity jurisdiction under 28 U.S.C. §1332. Plaintiffs are residents of the state of Louisiana.  Generac is incorporated under the laws of the state of Wisconsin, with its principal place of business in the state of Wisconsin. The other named defendants are either citizens of Indiana (Magic Circle) or Wisconsin (Bemis and Kelch).  See, Article 1 of the Petition.

XIII.

Plaintiffs are the decedent's spouse and three children.  In Articles 24 through 26 of the Petition, they allege survival claims on behalf of the decedent and wrongful death claims on behalf of themselves.  The catastrophic burns sustained by the decedent from the incident on April 3, 2012 left him hospitalized until he ultimately passed away on August 3, 2012.  To a fair degree of certainty, plaintiffs' damages in this case will exceed the sum of $75,000 for purposes of establishing the requisite amount in controversy for diversity jurisdiction.

XIV.

Pursuant to the provisions of 28 U.S.C. 1441, this action is one which may be removed to the United States District Court for the Western District of Louisiana,

XV.

Because St. Landry Parish lies within the United States District Court for the Western District of Louisiana, removal to this court is appropriate.

XVI.

Plaintiffs' state court action was served on Generac on January 14, 2013, and, therefore, this removal is timely under 28 U.S.C. §1446(b).

XVII.

One of the other defendants named in the original Petition, and who has been served, Magic Circle Corporation, consents to and joins in the Notice of Removal. The only other party served is Romero and since its joinder was improper, Romero's consent to removal is not required. As of this date, undersigned counsel has not been able to speak with Romero's counsel as to its position on removal.

XVIII.

Written notice of the filing of this Notice of Removal is being delivered to Petitioners and co-defendants through their counsel of record, and a copy of this Notice of Removal will be filed with the Clerk of the 27th Judicial District Court for the Parish of St. Landry.

XIX.

A copy of all pleadings filed in state court in this matter, including the Petition for Damages, the Intervening Petition and a Motion to Enroll Co-Counsel, are attached hereto

**WHEREFORE,** Generac Power Systems, Inc. gives notice the removal of the above-described state court action to this Court.

>Respectfully submitted,
>
>MURPHY, ROGERS, SLOSS & GAMBEL
>
>_____
>Ronald J. White (#21943)
>rwhite@mrsnola.com
>Peter B. Tompkins (#17832)
>ptompkins@mrsnola.com
>701 Poydras Street, Suite 400
>New Orleans, Louisiana  70139
>Telephone:    (504) 523-0400
>Facsimile:    (504) 523-5574
>Attorneys for defendant, Generac Power Systems, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 1st day of February 2013, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by telefax, by email, or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

>_____

1824/4554