## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY LORENA SONNIER,** **individually and on behalf of** **her minor children, JACOB JAMES** **SONNIER; CLARISSA MAKAYLA** **SONNIER; DIAMOND JASLYNN** **RENEA SONNIER** | **CIVIL ACTION NO. 13-cv-00246** **JUDGE: RTH** **MAGISTRATE:CMH** |

**VERSUS**

**MAGIC CIRCLE CORPORATION;**
**KELCH CORPORATION; BEMIS**
**MANUFACTURING COMPANY;**
**GENERAC POWER SYSTEMS, INC.**
**ROMERO'S POWER SPORTS, LLC**

### DEFENDANTS' ANSWER TO THE PLAINTIFF'S PETITION FOR DAMAGES

The Defendants, Bemis Manufacturing Company (hereinafter, "Bemis") and The Kelch Corporation (hereinafter, "Kelch") (hereinafter, collectively referred to as "Defendants"), by and through their counsel of record, as for their Answer to the Plaintiff's Petition for Damages ("Petition"), deny each and every allegation contained therein except those which may be hereinafter specifically admitted. And now answering each numbered paragraph of the Petition, Bemis and Kelch allege and plead as follows:

1.A.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 1.A. of the Petition and, therefore, leave the Plaintiff to her proof.

632697.1

1.B.

In response to Paragraph 1.B. of the Petition, Defendants admit that Kelch is a division of Bemis Manufacturing Company with its principal place of business at 300 Mill Street, Sheboygan Falls, WI  53085.  Defendants deny the remainder of the allegations in Paragraph 1.B. of the Petition.

1.C.

Defendants admit so much of Paragraph 1.C. of the Petition that alleges "BEMIS MANUFACTURING COMPANY, a foreign corporation believed to be incorporated under the laws of the State of Wisconsin, with its principal place of business at 300 Mill Street, Sheboygan Falls, Wisconsin, 53085, which entity is not licensed to do business in the State of Louisiana." Defendants deny the remainder of the allegations in Paragraph 1.C. of the Petition.

1.D.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 1.D. of the Petition and, therefore, leave the Plaintiff to her proof.

1.E.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 1.E. of the Petition and, therefore, leave the Plaintiff to her proof.

632697.1

2.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 2 of the Petition and, therefore, leave the Plaintiff to her proof.

3.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 3 of the Petition and, therefore, leave the Plaintiff to her proof.

4.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 4 of the Petition and, therefore, leave the Plaintiff to her proof.

5.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 5 of the Petition and, therefore, leave the Plaintiff to her proof.

6.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 6 of the Petition and, therefore, leave the Plaintiff to her proof.

632697.1

7.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 7 of the Petition and, therefore, leave the Plaintiff to her proof.

8.

Some of the allegations in paragraph 8 of Plaintiff's Petition for Damages constitute legal conclusions to which no response is required. Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the other allegations contained in Paragraph 8 of the Petition and, therefore, leave the Plaintiff to her proof.

9.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 9 of the Petition and, therefore, leave the Plaintiff to her proof.

10.

To the extent that Paragraph 10 of the Petition includes allegations regarding Bemis and Kelch component parts, it is denied. As to the remainder of Paragraph 10 of the Petition, Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations and, therefore, leave the Plaintiff to her proof.

11.

To the extent that Paragraph 11 of the Petition includes allegations regarding Bemis and Kelch component parts, it is denied. As to the remainder of Paragraph 11 of

632697.1

the Petition, Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations and, therefore, leave the Plaintiff to her proof.

12.

To the extent that Paragraph 12 of the Petition includes allegations regarding Bemis and Kelch component parts, it is denied. As to the remainder of Paragraph 12 of the Petition, Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations and, therefore, leave the Plaintiff to her proof.

13.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 13 of the Petition and, therefore, leave the Plaintiff to her proof.

14.

Defendants deny each and every allegation contained in Paragraph 14 of the Petition.

15.

Defendants deny each and every allegation contained in Paragraph 15 of the Petition.

16.

Defendants deny each and every allegation contained in Paragraph 16 of the Petition.

632697.1

17.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 17 of the Petition and, therefore, leave the Plaintiff to her proof.

18.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 18 of the Petition and, therefore, leave the Plaintiff to her proof.

19.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 19 of the Petition and, therefore, leave the Plaintiff to her proof.

20.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 20 of the Petition and, therefore, leave the Plaintiff to her proof.

21.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 21 of the Petition and, therefore, leave the Plaintiff to her proof.

632697.1

22.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 22 of the Petition and, therefore, leave the Plaintiff to her proof.

23.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 23 of the Petition and, therefore, leave the Plaintiff to her proof.

24.

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 24 of the Petition and, therefore, leave the Plaintiff to her proof.

24. [sic]

Defendants deny the allegations contained in Paragraph 24 [sic] of the Petition that allege liability or seek recovery of damages.  Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the other allegations contained in Paragraph 24 [sic] of the Petition and, therefore, leave the Plaintiff to her proof.

25. [sic]

Defendants deny the allegations contained in Paragraph 25 [sic] of the Petition that allege liability or seek recovery of damages.  Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the other allegations contained in Paragraph 25 [sic] of the Petition and, therefore, leave the Plaintiff to her proof.

632697.1

26. [sic]

Defendants deny the allegations contained in Paragraph 26 [sic] of the Petition that allege liability or seek recovery damages.  Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the other allegations contained in Paragraph 26 [sic] of the Petition and, therefore, leave the Plaintiff to her proof.

27. [sic]

Defendants have insufficient knowledge or information to admit or deny the truth or falsity of the allegations contained in Paragraph 27 [sic] of the Petition and, therefore, leave the Plaintiff to her proof.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Defendants in this matter. Defendants, therefore, assert the following affirmative defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant, Defendants may withdraw any of these affirmative defenses as may be appropriate.  Further, Defendants reserve the right to amend their Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds.  Further answering and by way of additional defense, Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim upon which relief may be granted to the Plaintiff.

632697.1

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are or may be barred by applicable liberative prescriptions, statutes of limitations or statutes of repose.

## THIRD AFFIRMATIVE DEFENSE

The relief sought in the Petition is or may be barred or reduced by the doctrines of comparative fault or failure to mitigate the damages.

## FOURTH AFFIRMATIVE DEFENSE

The alleged accident and injuries giving rise to this lawsuit were caused solely by the fault of parties for whose actions Defendants are not responsible and over whom Defendants had no control, including but not limited to Clarence Sonnier, intervenor,  any defendant and any third party.

## FIFTH AFFIRMATIVE DEFENSE

If there is any actionable liability of Defendants, which liability is specifically denied, then such liability should be compared to the fault of all other persons causing or contributing to the alleged accident and injuries, including but not limited to Clarence Sonnier, any defendant or any third party in accordance with La. Civ. Code arts. 2323 and 2324 (B).   Defendants allege that any award made to Plaintiff in this action must be proportionately allocated among persons causing or contributing to Plaintiff's damages, including Clarence Sonnier, intervenor any defendant or any third party in accordance with the percentage of any negligence or fault attributable to each such person. Defendants further allege that any person found to be negligent or at fault with respect to Plaintiff's alleged claims, including Clarence Sonnier, intervenor, any defendant or any

632697.1

third party, must be required to satisfy any such claims only in accordance with their proportional share of negligence or fault to be determined in this action.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are or may be barred for failure to join indispensable parties.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred by the substantial alteration, abnormal use, knowing misuse, change and/or abuse of the product not reasonably foreseeable or expected by the Defendants at the time of the product's sale.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants show that the accident and injuries alleged by Plaintiff resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause of the occurrence and injuries alleged by Plaintiff. Moreover, the accident and injuries were caused by separate and independent events or agencies not reasonably foreseeable by Defendants. Such separate and independent events or agencies destroy the causal connection, if any, between any breach of legal duty on the part of Defendants, which breach is specifically denied, and the accident and injuries alleged by Plaintiff, and thereby become the immediate and/or sole cause, and/or sole proximate and/or sole producing cause of such accident and injuries, relieving Defendants of any liability to Plaintiff.

632697.1

## NINTH AFFIRMATIVE DEFENSE

The Defendants' product was designed, manufactured, assembled and sold in conformity with the generally recognized state-of-the-art applicable to the product prior to its sale.

## TENTH AFFIRMATIVE DEFENSE

The Defendants' product was designed, manufactured, assembled and sold in conformity with applicable codes, standards, regulations and specifications established, adopted, promulgated and approved by the United States, the State of Louisiana and/or agencies thereof.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's sole and exclusive cause and right of action against Defendants, if any, for damages relating to Defendants' product arises under the Louisiana Products Liability Act, La. R.S. 9:2800.52 *et seq.* ("LPLA") and Plaintiff has no cause or right of action against Defendants under any other theory of liability including, but not limited to, strict liability or negligence. Defendants plead by reference all limitations and defenses set forth in the LPLA.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants are unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by an alleged joint tortfeasor, however, then Defendants are entitled to a full credit, offset, pro-rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling person herein.

632697.1

## THIRTEENTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other defendants and not pleaded by Defendants are incorporated herein to the extent they do not conflict with the affirmative defenses pled herein.

## RIGHT TO AMEND

The Defendants aver that the Plaintiff's claims are or may be barred by any such other defenses as the discovery record to this action will support.  The Defendants expressly reserve the right to amend their Answer and Affirmative Defenses based upon new or additional information and investigation.

## JURY DEMAND

Defendants demand trial by jury on all issues so triable in this action and requests that bond be set at the appropriate time.

WHEREFORE, defendants, Bemis Manufacturing Company and The Kelch Corporation, pray that this answer be deemed good and sufficient and after due proceedings, and trial by jury, that Plaintiff's claims be dismissed with prejudice at her own costs, that Plaintiff takes nothing by her Petition, and that Defendants be awarded their court costs of court, and that they be granted all other relief to which they are entitled as a matter of equity or law.

632697.1

Respectfully submitted,


/s/ Erick Y. ("Hiko") Miyagi
Erick Y. ("Hiko") Miyagi, La. Bar #22533
L. Adam Thames, La. Bar #32722
Taylor, Porter, Brooks & Phillips LLP
8th Floor Chase Tower South
451 Florida Street (70801)
Post Office Box 2471
Baton Rouge, LA 70821
T:  (225) 387-3221
Direct:  (225) 381-0233
F:  (225) 215-8724
E:  hiko.miyagi@taylorporter.com


**_Attorneys for Bemis Manufacturing Company_**
**_and Kelch Corporation_**


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 12th day of February, 2013, served a
copy of the foregoing on counsel for all parties to this proceeding, by Electronic Filing
and U.S. Mail.

**_For Plaintiff_**
Gary L. Lewis
Joshua M. Lewis
Lewis & Lewis (BR)
2458-G Drusilla Ln
Baton Rouge, LA  70809
_T:  1-225-930-9996 (Gary Lewis)_
_    1-225-930-9914 (Joshua Lewis)_
_F:  1-225-930-9998 (Gary Lewis)_
_    1-225-341-8162 (Joshua Lewis)_

**_For Intervenor Plaintiff, Marcus Richard_**
John O Charrier, Jr.
Charrier & Charrier
P.O. Box 1007
Baton Rouge, LA  71309

632697.1

*T:  1-225-218-8599*
*F:  1-225-932-9286*
*E:  charier@I-55.com*

**_For Defendant Generac Power Systems, Inc._**

Ronald J. White
Murphy Rogers, et al.
200 W. Thomas Street
Hammond, LA  70401
*T:  1-985-340-2007*
*F:  1-985-340-2005*
*E:  rwhite@mrsnola.com*

Peter B. Tompkins
Murphy Rogers, et al
701 Poydras St., Suite 400
New Orleans, LA  70139
*T:  1-504-523-0400*
*E:  PTompkins@mrsnola.com*

**_For Defendant Romero Power Sports, LLC_**
Eric Haik,
Haik, Minvielle & Grubbs
1017 East Dale Street
New Iberia, LA 70562
*T: 1-337- 352-2406;*

**_For Defendant, Magic Circle Corporation_**

John Dubreuil
Daigle Fisse & Kessenich,
828 Royal Street, Suite 431
New Orleans, Louisiana 70116
*T: 1-985-792-8106.*

/s/ Erick Y. ("Hiko") Miyagi
Erick Y. ("Hiko") Miyagi