UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MARY LORENA SONNIER | CIVIL ACTION NO. 13-0246 |
| VERSUS | DISTRICT JUDGE DEE D. DRELL |
| MAGIC CIRCLE CORPORATION, et al | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **doc. #23,** referred to me by the district judge for report and recommendation. I previously ordered limited discovery on the remand issue. Doc. #45.

Facts

This is a suit for damages against the manufacturers of a "zero turn" lawn mower (Magic Circle Corporation) and its component parts (Generac Power Systems, Inc., Kelch Corporation and Bemis Manufacturing Company) and the retailer of the mower, Romero's Power Sports, LLC for damages as a result of the wrongful death of plaintiffs' decedent, Clarence Sonnier, who was operating the mower. Plaintiffs allege claims in products liability and negligence as a result of gasoline in the mower igniting and burning Mr. Sonnier and ultimately resulting in his death. The purchaser and owner of the mower intervened into the suit.

Suit was filed in state court in St. Landry Parish and was timely removed to this court by defendant Generac. In the notice of removal, Generac asserted that the only other properly joined and served defendant , Magic Circle, consented to the removal and alleged that the retail seller, Romero's, a Louisiana company, was fraudulently joined and its residence should be disregarded for

purposes of diversity jurisdiction.

Plaintiffs filed this motion to remand asserting that she has alleged in the petition that Romero's, the retailer, knew or should have known of the defect in the mower and failed to warn and that, under Louisiana law, a non-manufacturer seller of a defective product is responsible if he knew or should have known the product was defective and failed to declare it. Plaintiffs also point out that all joined and served defendants did not consent to the removal.

## Legal Framework

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court. McKee v. Kansas City Southern Railway Co., 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the retailer, Romero's. Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648. Our inquiry is similar to that made when considering

a Rule 12(b)(6) motion to dismiss for failure to state a claim. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). To prove fraudulent joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiffs' favor. Travis, 326 F.3d at 648.

Analysis

a) Adequacy of consent

Generac points our in brief that at the time it removed the case, the state court record showed the only other defendants who had been served were Magic Circle and Romero's. Generac ignored Romero's since it's argument on removal is that Romero's was not properly joined but instead was fraudulently joined and thus need not consent to removal. Generac asserted in its removal that Magic Circle consented to removal and Magic Circle, through counsel, filed a consent to removal within 30 days of service of process on it. However, plaintiff filed an affidavit in connection with her motion to remand showing that, in fact, the other two defendants, Kelch and Bemis had in fact been served on the same day as Generac, January 14, 2013. Thereafter, Generac filed a motion to amend its notice of removal and in it again stated that it had no notice of the fact that Kelch and Bemis had been served at the time the notice of removal was filed. Generac points out that Kelch and Bemis filed an answer within 30 days of service on them without objecting to the removal which proves they consented to the jurisdiction of this court, citing Harper v. AutoAlliance Intern. Inc., 392 F.3d 195 (6th Cir., 2004); Esposito v. Home Depot, 590 F.3d 72 (1st Cir., 2009), and Glover v. W.R. Grace & Co., Inc., 773 F.Supp 964 (E. D Tex., 1991). Generac also asserts that it should be allowed to amend its notice of removal to cure this procedural defect, citing Batiste v. State Farm, 2009 WL

3

1649678 (E.D. La, 2009.

I agree that the answer filed within 30 days by Bemis and by Kelch constituted consent to the removal. Even if the answer had not been filed within 30 days, however, I would still find that the amendment of the notice of removal should be allowed and would cure this technical defect which was caused not by dilatory lawyers, but by the fact that the state court record provided no notice to the parties that Bemis and Kelch had been served. See, generally, Getty Oil v. INA, 841 Fed 2d 1254, (5th cir. 1988).

b) Possibility of recovery against Romero's

It is undisputed that the mower was manufactured by Magic Circle, the engine by Generac, and the gas caps by Bemis and/or Kelch and that Romero's sold the mower to the purchaser, Mr. Richard and that Mr. Sonnier was using the mower at the time of the accident. As mentioned, Romero's could not be liable under the Louisiana Products Liability Act (LPLA), for the Act establishes the exclusive theories of liability for manufacturers for damage caused by their products. Romero's does not meet the definition of manufacturer set forth in the Act. LSA-R.S. 9:2800.53 and the Act only applies to manufacturers.

Rather, plaintiffs argue that Romero's is liable under a negligence theory under Article 2315 of the Louisiana Civil Code.

Under Louisiana law, a non-manufacturer seller of a product is not liable in tort absent a showing that it knew or should have known that the product was defective and failed to declare it. Wilson v. State Farm, 654 So.2d 385 (LaApp 3rd C., 1995), reh'g den., writ den., 661 So.2d 476 (La. 1995). However, unlike the manufacturer, it is not presumed to have knowledge of defects and a seller is not required to inspect a product to determine the possibility of non-apparent defects.

4

Kelley v. Price-Macemon, Inc., 992 F.2d 1408 (5th Cir. 1993), cert. den., 114 S.Ct. 688 (1994); Hopper v. Crown, 555 So.2d 46 (La. App 1st Cir. 1989). There is no duty to warn against dangers which are obvious or of which the buyer should be aware. Hopper, supra; Delanzo v. ABC Corp., 572 So.2d 648 (La. App. 5th Cir. 1990).

Plaintiff argues that Romero's negligently assembled the mower and negligently repaired it. Yet plaintiff has produced no evidence supporting those conclusory allegations. Indeed the mower was sold in 2007 and the accident did not occur until 2012. Apparently it was assembled properly. Also, the oil change and spark plug replacement maintenance has not been shown to have anything to do with this accident.

Similarly, plaintiff's evidence attempting to show that Romero's knew or should have known of a defect falls short. Much of the evidence submitted by plaintiff is not competent evidence, either because it is not in affidavit form or because it is hearsay. In addition, most of the evidence submitted has to do with the issue of whether there is a defect in the mower and not whether Romero's as the retailer knew or should have known of a defect. Even the affidavit of plaintiff's expert falls short in that it primarily deals with whether there is a defect and not whether Romero's knew of a defect. To the extent the affidavit addresses Romero's knowledge, the expert's affidavit contains purported legal analysis, legal opinion and legal conclusions. And the "predelivery checklist" which plaintiff points to as instructing that the gas cap vents should be in the open position before delivery is not helpful to the issue of whether Romero's knew of a defect. The mower was delivered in 2007; the accident occurred in 2012. The mower was operated for five years without incident. Certainly any "predelivery" omissions, if there were any, had nothing to do with an accident 5 years later. It is similarly difficult to accept the suggestion that Romero's knew or

5

should have known of a defect that did not manifest itself for five years.

Therefore, I find that there is no reasonable possibility of recovery against Romero's, complete diversity exists and that this case was properly removed to this court.

IT IS RECOMMENDED that Plaintiffs' motion to remand, doc. #23, be DENIED.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 22nd day of August, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE